# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>OLYMPIA SPORTS ACQUISITIONS, LLC, *et al.*,<br><br>Post-Confirmation Debtors.[1] | Chapter 11<br><br>Case No. 22-10853 (MFW)<br><br>Jointly Administered Cases<br><br>Re: Docket No. 866 |

### FINAL DECREE AND ORDER (I) CLOSING CERTAIN OF THE DEBTORS' CHAPTER 11 CASES; (II) MODIFYING CASE CAPTION; AND (III) REQUIRING A RENEWED NOTICE OF APPEARANCE REQUESTING RECEIPT OF DOCUMENTS PURSUANT TO BANKRUPTCY RULE 2002 POST-EFFECTIVE DATE

Upon the *Motion of the Olympia Sports Liquidating Trust for a Final Decree and Order (I) Closing Certain of the Debtors' Chapter 11 Cases; (II) Modifying Case Caption; and (III) Requiring a Renewed Notice of Appearance Requesting Receipt of Documents Pursuant to Bankruptcy Rule 2002 Post-Effective Date* (the "Motion")[2] filed by the Olympia Sports Liquidating Trust (the "Trust"), seeking an order (this "Order") under sections 105(a) and 350 of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1, (a) closing the Subsidiary Cases as of the date of entry of this Order, leaving open only the Remaining Case, (b) modifying the case caption to reflect that only the Remaining Case remains open, and (c) requiring parties desiring to continue receiving service of documents pursuant to Bankruptcy Rule 2002 to file a renewed notice of appearance and request for such service of documents;

---

[1] The Debtors in these chapter 11 cases are (1) Olympia Sports Acquisitions, LLC; (2) RSG Acquisitions, LLC; (3) Project Running Specialties, Inc.; (4) Project Sage Acquisition, LLC; (5) Legacy Shoes, Inc.; (6) Clever Training Operating Co., LLC; (7) The Running Specialty Group LLC; (8) The Running Specialty Group Acquisitions 1, LLC; (9) Heart Monitor Operating, LLC; (10) Splash Boutique Operating, LLC; (11) Bargain Fitness Operating, LLC; (12) Digital Business Operating, LLC; and (13) FSSS Operating, LLC. The mailing address for the Trust established pursuant to the Plan and Confirmation Order (each as defined herein) is c/o MHR Advisory Group, LLC, 6701 Bay Parkway, 3rd Floor, Brooklyn, New York 11204, Attn: Steven Balasiano.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

and it appearing that proper and adequate notice of the Motion has been given under the circumstances and that no other or further notice is necessary; and this Bankruptcy Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and this Bankruptcy Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Bankruptcy Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their Estates, their Creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation; and good and sufficient cause appearing therefor; it is hereby,

ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Chapter 11 Cases of: Bargain Fitness Operating, LLC; Project Sage Acquisition, LLC; The Running Specialty Group, LLC; Splash Boutique Operating, LLC; Legacy Shoes, Inc.; RSG Acquisitions, LLC; Clever Training Operating Co, LLC; The Running Specialty Group Acquisitions 1, LLC; Heart Monitor Operating, LLC; FSSS Operating, LLC; Project Running Specialties, Inc.; and Digital Business Operating, LLC, shall be, and hereby are, closed pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, effective as of the date of entry of this Final Decree and Order.

3. The Clerk of the Court shall enter this Final Decree and Order individually on each of the dockets of the Subsidiary Debtor's respective chapter 11 cases and thereafter each such docket shall be marked as "Closed."

4. The Chapter 11 Case of the Remaining Debtor, Olympia Sports Acquisitions, LLC, shall remain open pending further order of this Bankruptcy Court.

5. The caption of the Chapter 11 Cases shall be modified to read as follows:

| | |
|---|---|
| In re: | Chapter 11 |
| OLYMPIA SPORTS ACQUISITIONS, LLC,[1] | Case No. 22-10853 (MFW) |
| Post-Confirmation Debtor. | |

[1] The mailing address for the Trust established pursuant to the Plan and Confirmation Order (each as defined herein) is c/o MHR Advisory Group, LLC, 6701 Bay Parkway, 3rd Floor, Brooklyn, New York 11204, Attn: Steven Balasiano.

6. All pending and future matters relating to these cases, including final fee applications, objections to claims, the Causes of Action, shall be filed, administered and heard in the Chapter 11 Case of the of the Remaining Debtor.

7. Entry of this Final Decree and Order is without prejudice to the rights of the Trust and any other party in interest to seek to reopen any of the Subsidiary Cases.

8. The Trust shall not be obligated to pay quarterly fees pursuant to 28 U.S.C. § 1930(a) with respect to the Subsidiary Cases for any period after the date of the entry of this Order.

9. The requirement under Local Rule 3022-1(c) to file a final report with respect to the Subsidiary Cases is hereby waived, and the Trust shall file such report with a motion to close the Remaining Case, which will remain open pending further order of this Bankruptcy Court.

10. Parties in interest must file a renewed request to receive pleadings and other documents filed in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002. Within 30 days of entry of this Final Decree and Order, the list of parties receiving documents pursuant to Bankruptcy

Rule 2002 shall be limited to those who have filed renewed requests; provided that the United States Trustee shall not be required to file a renewed request to receive documents pursuant to Bankruptcy Rule 2002.

11. Entry of this Final Decree and Order shall be without prejudice to (i) any entity's right to seek to reopen the Subsidiary Cases for cause pursuant to 350(b) of the Bankruptcy Code, (ii) the rights of the Trust and any other party in interest to dispute, object to, or resolve any Claim, and (iii) the rights of the Trust to investigate, commence, pursue, institute, file, prosecute, enforce, abandon, settle, compromise, release, or withdraw any and all Causes of Action. Except as expressly set forth in the Bankruptcy Code, nothing in this Final Decree and Order shall affect the substantive rights of any party in interest in the Subsidiary Cases; provided, however, that no party shall be entitled to assert that the closing of the Subsidiary Cases bars the pursuit of any Causes of Action pursuant to section 546(a)(2) of the Bankruptcy Code so long as the Remaining Case remains open.

12. The Trust is empowered and authorized to take all actions necessary or appropriate to effect the relief granted in this Final Decree and Order.

13. This Final Decree and Order shall be effective and enforceable immediately upon entry hereof.

14. This Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Final Decree and Order.

Dated: September 21st, 2023
Wilmington, Delaware

MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

IMPAC 11034643v.1